UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Miami Division

Case No.: 1:11-cv-24343-SEITZ/SIMONTON

LARITA I. GIBSON,

      Plaintiff,

vs.

NCL (BAHAMAS) LTD., a Bermuda
company d/b/a  NORWEGIAN CRUISE LINE;
GRUPO CACUM, a foreign corporation; OPERADORA
CANOPY, S.A., a foreign corporation;  OPERADORA
BIOMAYA S.A. de C.V.,a foreign corporation
and XYZ CORPORATION, a foreign corporation.

      Defendants.

_____/

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT
GRUPO CACUM'S MOTION TO DISMISS COMPLAINT
and
MOTION FOR LEAVE TO CONDUCT JURISDICTIONAL DISCOVERY**

Plaintiff, LARITA I. GIBSON, opposes Defendant's Motion to Dismiss Plaintiff's

Complaint [D.E. 47] and states:

**Introduction**

This action arises from a September 9, 2010,  incident in which the Plaintiff was severely

injured while a passenger on a NCL cruise ship.  At the time of her injury, the Plaintiff was

participating in a Biomaya Canopy Zipline Tour excursion ("the shore excursion") conducted

exclusively for NCL passengers by Grupo Cacum.[1]   The shore excursion consisted of a jungle bus

ride <u>and</u> zip lining.  The Plaintiff was injured due to Grupo Cacum's negligence, including but not

---

[1]  NCL has identified Grupo Cacum as the owner and operator of the Biomaya Canopy Zipline Tour
excursion, including all equipment and vehicles related to and necessary for the operation of the excursion.
However, Grupo Cacum, through it's insurance carrier, has denied that its insured is the correct owner and/or
operator of the subject shore excursion and its equipment.  Requests for clarification to both NCL and Grupo Cacum,
have been ignored and in an abundance of caution, Plaintiff has named all entities identified as the owners and/or
operators which are collectively referred to as the excursion entities.

*Gibson v. NCL et. al*
Case No.:  11-CV-24343 SEITZ/SIMONTON

limited to, failing to provide a reasonably safe means for her to board the jungle bus and failing to

have proper procedures, policies and training for employees to assist guests in boarding the jungle

bus.

The shore excursion was  provided to Plaintiff pursuant to an agreement between NCL and

its tour operating partner, Grupo Cacum.   By contract, Grupo Cacum **agreed to submit to**

**jurisdiction in Florida** and **waive any objections** for any suit action or proceeding arising out of,

or relating to, the Agreement.[2]   Grupo Cacum now seeks to disavow the Agreement it made.  It

contends that this Court lacks personal jurisdiction because Grupo Cacum does not have sufficient

contacts with Florida.[3]

Defendant's Motion should be denied in its entirety.  Grupo Cacum has already agreed to

submit to jurisdiction in Florida.   Plaintiff properly made a *prima facie* showing of personal

jurisdiction in the Complaint.  The affidavit submitted by Grupo Cacum is legally insufficient to

shift the burden back to the Plaintiff.  Alternatively, should this Court require further substantiation

of jurisdiction, Plaintiff requests leave to conduct limited jurisdictional discovery.

---

[2] Grupo Cacum has admitted in its Motion to Dismiss, page 10, that it entered into a contract with NCL for the provision of shore excursions to NCL passengers.   Since no discovery has yet been conducted, Plaintiff is not in possession of the actual Agreement to attach a copy of it.   Agreement language cited herein is based upon NCL Agreements with other tour operators that were in effect during the same time period.  Based upon past experience, the Agreements are standardized and identical as to all tour operators conducting business with NCL.  Similarly, the language from other documents referenced herein such as the NCL Tour Operator Procedures and Policies is taken from exemplar documents in effect at the time of the Plaintiff's incident which are also standardized.

[3] The Motion to Dismiss is limited solely to lack of personal jurisdiction as Grupo Cacum has not contested service or venue in its Motion to Dismiss.

*Gibson v. NCL et. al*
Case No.: 11-CV-24343 SEITZ/SIMONTON

## Argument

### Legal Standard

To determine personal jurisdiction over a non-resident defendant, the court will employ a two part test. *Kilma v. Carnival Corp.*, 2008 WL 4559231 (S.D.Fla. 2008). <u>First</u>, is there jurisdiction under Florida's Long Arm Statute §48.193, and <u>second</u>, are there sufficient minimum contacts to satisfy due process. *Id.* at 1. The plaintiff need only present a *prima facie* case of personal jurisdiction. *Stubbs v. Wyndham Nassau Resort and Crystal Palace Casino*, 447 F.3d 1357 (11th Cir. 2006); *Mother Doe 1 v. Al Maktoum*, 632 F. Supp. 2d 1120 (S.D. Fla. 2007)

Where a defendant submits affidavits contrary to the allegations in the complaint, the burden shifts back to the plaintiff to produce evidence supporting personal jurisdiction. This shift does not occur however, where as here, the defendant's affidavits contain only conclusory assertions that the defendant is not subject to jurisdiction. *Id.* Where the complaint and the Plaintiff's supporting affidavits and documents conflict with the defendant's affidavits, ***the court must construe all reasonable inferences in favor of the <u>plaintiff</u>***. *Id; Madara v. Hall,* 916 F.2d 1510 (11th Cir. 1990)

### Plaintiff has Alleged a *Prima Facie* Case of Personal Jurisdiction

The Plaintiff has plead sufficient *factual* allegations to state a *prima facie* case for personal jurisdiction. In the Complaint the Plaintiff has alleged:

12.     At all times material hereto, The Excursion Entities, were and are foreign corporations operating, conducting, engaging, and carrying-out business and/or business ventures in the State of Florida and in Mexico.

13.     At all times material hereto, The Excursion Entities, were and are foreign corporations doing substantial and non-isolated business in the State of Florida and Mexico **by conducting ongoing business relationship with Defendant NCL for marketing and selling of recreational shore excursions**, including the Biomaya Canopy Zipline Tour excursion.

*Gibson v. NCL et. al*
Case No.:  11-CV-24343 SEITZ/SIMONTON

14.     At all times material hereto, The Excursion Entities, were and are foreign corporations **marketing their shore excursions directly through its Florida marketing representative and/or partner and/or co-owner, Defendant NCL**.  In fact, Defendant NCL promoted the shore excursions for The Excursion Entities in its literature, on its website, and on board its cruise ships.

15.     At all times material hereto, The Excursion Entities, were and are foreign corporations, believed to have **entered into a contract**[4] with Defendant NCL for the protection of NCL's passengers, including the Plaintiff, whereby The Excursion Entities **agreed to subject themselves to the laws and jurisdiction of the State of Florida, consented to personal jurisdiction over themselves and consented to the venue of the Federal Court of the Southern District of Florida**.  The Excursion Entities are believed to have also agreed to indemnify Defendant NCL for the claims made in this Complaint within the meaning of Florida Statute §48.193(d). Furthermore, The Excursion Entities are subject to the jurisdiction of this Court because it sold and marketed tickets for the Biomaya Canopy Zipline Tour excursions through NCL's website which is administered in Florida.

16.     Upon information and belief, The Excursion Entities, have entered into similar contracts as described above in paragraph 15, with other cruises lines who also have their  worldwide headquarters, principal address, and principal place of business in Miami-Dade County, Florida.

Plaintiff has met her initial burden of pleading sufficient material facts to establish the basis

for exercise of personal jurisdiction.

### Defendant's Declaration is Insufficient to Shift the Burden of Proof to Plaintiff to Produce Evidence Supporting Jurisdiction

Defendant has submitted a Declaration of Teofilo Hamui in which he summarily asserts that

Grupo Cacum has no contacts with Florida. [D.E. 47-1 ¶9] The Declaration contains conclusory

denials of actions that would bring Grupo Cacum in the ambit of Florida's long arm statute. [D.E.

47-1 ¶16]  The Declaration also makes conclusory statements as to ultimate facts. [D.E. 47-1 ¶18]

Although presented in the form of "facts" the Declaration is merely a string of conclusions

that do not trigger a duty for Plaintiff to respond with evidence of her own.  *Posner v. Essex Inc.*

---

[4] Plaintiff is not in possession of the subject contract between Defendant NCL and The Excursion Entities and therefore cannot attach a copy of the same to the Complaint.

Co., Ltd., 178 F.3d 1209 (11th Cir. 1999)(assertions that defendant never Has done business in or has direct contacts into Florida, and conclusory assertions of ultimate fact are insufficient to shift to the plaintiff the burden of producing evidence supporting jurisdiction.); *Benton-Volvo-Metaire, Inc., v. Voilvo Southwest, Inc.*, 479 F.2d 135, 139 (5th Cir. 1973)(affidavits containing mere conclusions have no probative value); *Ferguson v. Estate of Campana*, 47 So.3d 838 (2010)(non-resident's affidavit which contains only conclusory averments does not shift the burden to the plaintiff to come forward with evidence).

As Mr. Hamui's Declaration is merely a blanket denial of jurisdictional contacts and conclusory assertions of ultimate fact, Grupo Cacum has not met its burden to shift the burden to the Plaintiff for proving jurisdictional evidence.  If however, this Court finds that the Defendant's Declaration is sufficient, then the Plaintiff respectfully requests leave to conduct jurisdictional discovery as set forth in its Motion herein.

## Defendant Grupo Cacum has Agreed to Submit to Jurisdiction in Florida

### (a) Defendant's Declaration Does not Contradict the
### Complaint Allegations that it Agreed to Submit to Jurisdiction

Plaintiff has alleged that Grupo Cacum has agreed to submit to jurisdiction in Florida and has specifically waived any objection to personal jurisdiction:

> At all times material hereto, The Excursion Entities, were and are foreign corporations, are believed to have **entered into a contract** with Defendant NCL **for the protection of NCL's passengers**, including the Plaintiff, whereby The Excursion Entities **agreed to subject themselves to the laws and jurisdiction of the State of Florida, consented to personal jurisdiction over themselves and consented to the venue of the Federal Court of the Southern District of Florida**. [D.E. 1, ¶15]

The Declaration does not even mention much less deny, that Grupo Cacum agreed to submit to jurisdiction, nor does it deny that the agreement was entered into for the benefit of the Plaintiff.

<u>While Grupo Cacum relies heavily on the Agreement to dispute jurisdiction, the Agreement has not been presented to the Court by any Defendant.</u>

The court must accept all facts alleged in the complaint as true, to the extent that they are uncontroverted by a defendant's affidavits. *Madara v. Hall, 916 F.2d 1510, 1514 (11ᵗʰ Cir. 1990) citing Morris v. SSE, Inc.*, 843 F.2d 489, 492 (11ᵗʰ Cir. 1988); *Posner v. Essex Ins. Co.*, 178 F.3d 1209(11th Cir. 1999)(to the extent that statements in defendant's affidavit do not contradict plaintiff's pleadings, we accept allegations stated in the complaint as true for purposes of resolving jurisdictional issues). As Plaintiff's allegation that Grupo Cacum has agreed to submit to jurisdiction in Florida and has specifically waived any objection to personal jurisdiction is ***uncontroverted***, this Court should properly accept as true this allegation for purposes of establishing jurisdiction.

### (b) Plaintiff is Entitled to Rely on the Agreement between NCL and Grupo Cacum Which Can be Used to Establish Personal Jurisdiction

Plaintiff does not need to be a contractual party to rely on the agreement between NCL and Grupo Cacum.  A third party is only required to show that the contact either expressly creates a right for them as a third party or that the provisions of the contract "primarily and directly benefit the third party or class of persons which third party is a member." *Belik v. Carlson Travel Group, Inc.*, 2011 WL 2221224 (S.D.Fla. June 6, 2011).  The third party does not need to be specifically mentioned by name so "long as the contract refers to a 'well defined class of readily identifiable persons' that it intends to benefit. *Id. citing Polo Ralph Lauren, L.P. v. Tropical Shipping & Const. Co.*, 215 F.3d 1217, 1222 (11ᵗʰ Cir. 2000).  The party's status as a third-party beneficiary "may be established by pre-contract and post-contract actions of the parties." *Id. citing Florida Power & Light Co. v. Mid-Valley, Inc.*, 763 F.2d 1316 (11ᵗʰ Cir. 1985).

*Gibson v. NCL et. al*
Case No.:  11-CV-24343 SEITZ/SIMONTON

In *Belik*, the plaintiff alleged he was a third party beneficiary of a contract between Carnival and the SinglesCruise Defendants, an entity which handled all aspects of the plaintiff's cruise and events.   The Court noted that the plaintiff "generally alleges a specific intent to benefit Carnival passengers – a class in which Belik was a member" and found that the plaintiff sufficiently stated a cause of action.  *Belik,* at *8-*9.   Similarly, in *Rinker v. Carnival Corp.*, 753 F.Supp.2d 1237 (S.D.Fla. 2010) this Court recognized that a cruise ship passenger was a third party beneficiary of an agreement between the cruise line and the medical defendants.   (Count dismissed on other grounds.)

Here, Plaintiff has alleged that the Agreement between NCL and Grupo Cacum was for the "benefit of passengers, including the Plaintiff." (D.E.1, ¶15).   Cruise ship passengers, are a 'well defined class of readily identifiable persons' of which the Plaintiff is a member.    In fact, the Agreement itself defines "passengers" as "persons who have purchased and/or who have participated in the Operator's Shore Excursions pursuant to the terms of this agreement."

Plaintiff's status as a third party beneficiary is further evidenced by the Defendants pre-contract and post-contract actions.   *Belik,* at *8.  Further discovery will show that the Agreement is governed by NCL's Tour Operator Policies and Procedures.  It provides[5]:

> As **our local Tour Operator you represent Norwegian Cruise Line** (NCL) in the destinations to which we travel, and the land excursions that you are providing are considered an integral part of the NCL overall product.  You will find that our guests will **consider your local staff as part of NCL, as an extension of our offices and our ships**, and will expect a continuity of NCL services and standards throughout their chosen excursion. (emphasis added.)

---

[5]  As noted in footnote 2, Plaintiff is not yet in possession of the actual Agreement and Acknowledgment form and the language cited herein taken from exemplar documents that would have been in effect at the time of the Plaintiff's incident.

It is clear that it was the intent of NCL and Grupo Cacum that their Agreement would benefit third parties such as the Plaintiff.  Additional discovery will further support this contention.

Plaintiff is entitled to rely on the Agreement between NCL and Grupo Cacum.  The agreement is a factor that "weighs in favor" of exercising personal jurisdiction over a non-resident defendant where other grounds exist to exercise such jurisdiction. *Autonation, Inc., v. Whitlock*, 276 F.Supp.2d 1258 (S.D.Fla. 2003).  In this instance, the Agreement supports the Plaintiff's allegations of personal jurisdiction over Defendant under Florida's Long Arm Statute.

### Plaintiff has Properly Stated a Claim Against Grupo Cacum

### Negligence

### (a) Defendant's Motion to Dismiss Does not Satisfy the Rule 12(b)(6) Standard

A complaint should not be dismissed for failure to state a claim unless it appears "beyond doubt" that the plaintiff can prove no set of facts in support of his claim.  *Financial Sec. Assur. v. Stephens, Inc.*, 500 F.3d 1276 (11th Cir. 2007).  The court must construe the complaint in the light most favorable to the plaintiff, and accept all facts and all reasonable inferences drawn from those facts as true. *Hishon v.  King & Spalding*, 467 U.S. 69, 73 (1984); *Gentry v. Carnival Corp.,* 2011 WL 4737062 (S.D. Fla. October 5, 2011).  All ambiguities or doubts concerning the sufficiency of a claim must be resolved in favor of the pleader.  *Hinshon,* at 73.

Federal Rule of Civil Procedure 8(a)(2) only requires "a short and plain statement of the claim showing that the pleader is entitled to relief."  Specific facts are not necessary.  The statement need only "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Alt. Corp v. Twombly,* 550 U.S. 544, 555 (2007).  Even under *Twombly*'s plausibility standard, the facts pled in a complaint must simply "raise a reasonable expectation that discovery will reveal

evidence" corroborating the plaintiff's claims.  *Id.* at 556.  This standard is met when the plaintiff pleads facts that allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

Grupo Cacum has failed to demonstrate "beyond all doubt" that the Plaintiff cannot ultimately prove her claims.  Contrary to the Defendant's assertions, the Plaintiff's Complaint contains far more than threadbare recitals of the elements of the causes of action.  Even a cursory review of the Complaint shows factual allegations which allow this Court to draw the reasonable inferences of the Defendant's liability to survive a Rule 12(b)(6) motion.

**(b)** <u>**Plaintiff is Permitted to Refer to Grupo Cacum as Part of the Excursion Entities**</u>

Grupo Cacum asserts that the negligence claim against it fails because Plaintiff has alleged that the unidentified employee who severely injured her was an employee, representative, and/or agent of the "Excursion Entities" rather than Grupo Cacum itself.   Notably, Grupo Cacum has <u>not</u> denied that the unidentified individual was its employee, representative and/or agent.

Plaintiff is permitted to use fictitious names when the only way a Plaintiff can obtain the correct name of a defendant is through the discovery process.  *Maclin v. Paulson*, 627 F.2d 83, 87 (7th Cir. 1980) (Where a party is ignorant of an defendant's true identity, it is unnecessary to name them until their identity can be learned through discovery or through the aid of the trial court.)

As alleged in the Complaint at paragraphs 10 and 11,  Plaintiff received conflicting information from Defendants NCL and Grupo Cacum as to the correct identity of the owner(s) and/or operator(s) of the subject shore excursion and the equipment.   Defendants *refused* Plaintiff's repeated requests for clarification.  To protect her rights, Plaintiff pled using the conflicting

information that was provided and referred to the owner(s) and/or operator(s) collectively as the "Excursion Entities."   Grupo Cacum was specifically identified as one of the "Excursion Entities."

Grupo Cacum  cannot conceal and refuse to provide information and then simultaneously argue that Plaintiff has failed to state a cause of action due to the lack of the very information it refuses to provide.  Grupo Cacum and NCL, who are represented by the same counsel, cannot use their refusal to cooperate as both sword and shield to block the Plaintiff's entitlement to seek recourse from this Court.

This Court must construe the complaint in the light most favorable to the plaintiff and resolve all ambiguities or doubts in the Plaintiff's favor.   Plaintiff has pled that the unidentified individual who injured her was an employee of the Excursion Entities.  By definition, as pled in the Complaint, Grupo Cacum is part of the Excursion Entities.   [D.E. 1, ¶11].

### (c) Plaintiff Pled the Elements of a Claim of Negligence

Grupo Cacum misconstrues the Plaintiff's negligence claim as merely a claim for failing to warn her that someone would "grab her."   The Complaint clearly alleges that Plaintiff was injured due to the dangerous condition **created** by Grupo Cacum which caused the injury to the Plaintiff, to wit: "failing to provide reasonably safe means for passengers to board the 'Jungle Bus'" (¶ 50c); failing to adequately train, monitor, and supervise the subject excursion to ensure it had all necessary equipment to allow for passengers to have reasonably safe means to board the 'Jungle bus'" (¶50d); "failed to determine the hazards that the subject excursion posed to the Plaintiff, failed to eliminate the hazard, failed to modify the hazard, failed to properly warn the Plaintiff of the hazard . . ." (¶51).

As the Defendant **created** the unsafe or foreseeable hazardous condition, the Plaintiff need not establish notice in order to show negligence.  *Rockey v. Caribbean Cruises, Ltd.*, 2001 WL

420993 at *4-5 (S.D.Fla. 2001); *Baker v. Carnival Corp.*, 2006 WL 3519093 (S.D.Fla. 2006);
*McDonough v. Celebrity Cruises Inc.*, 64 F.Supp2d 259, 264 (S.D.N.Y 1999)(to require a plaintiff
to also establish notice in a case where the defendant's own activities created a foreseeable and
unreasonable risk of harm would be inappropriate.)

Contrary to the Defendant's assertion, causation has been properly plead.  The proximate
cause element is concerned with whether and to what extent the defendant's conduct was foreseeable
and substantially caused the specific injury that actually occurred.  *Van Deese v. McKinnonville
Hunting Club, Inc.*, 874 So. 2d 1282 (Fla. 1ˢᵗ DCA 2004).   This "but for" causation-in-fact test
requires that there be a natural, direct and continuous sequence between the negligent act or
omission so that it can be reasonably said that "but for" the negligent act or omission the injury
would not have occurred. *Id.* at 1287.

In pleading causation Plaintiff is not required to provide a long dissertation as to how each
and every alleged failure constitute proximate cause. *Twombly*, 550 U.S. 544 at 555 (detailed factual
allegations are not required).  The statement need only "give the defendant fair notice of what the
claim is and the grounds upon which it rests."  Id.

The Complaint alleges duty [D.E. 1,¶49], describes in details each of the factual reasons how
the Defendant breached its duty [D.E. 1,¶50(a)-(o)], and that the breach of this duty was the
proximate cause of the Plaintiff's injuries [D.E. 1,¶51]. "But for" Defendant's failure in any of the
manners stated, the Plaintiff's accident would not have occurred.  For example, had the Defendant
had proper procedures and equipment in place for the Plaintiff to safely board the vessel, or had
there been sufficient training on how to properly assist passengers, the Plaintiff would not have been
injured.

The Complaint provides Defendant with sufficient notice of the facts as to how it breached its duty and how that breach was the proximate cause of the injuries sustained by the Plaintiff. Applying the liberal notice pleading requirements of Rule 8, considering the totality of the allegations, Plaintiff has sufficiently alleged a cause of action for negligence.

### Joint Venture

### (a) The Existence of Joint Venture is a Question of Fact and is Not Decided at the Motion to Dismiss Stage

The existence of a joint venture is a question of fact, which is not properly the subject matter of a motion to dismiss. *See e.g. Gentry v. Carnival Corp.*, 2011 WL 4737062 (S.D. Fla. October 5, 2011); *see also Russell v. Thielen*, 82 So. 2d 143 (Fla. 1955); *Florida Tomato Packers, Inc. v. Wilson*, 296 So. 2d 536 (Fla. 3d DCA 1974); *Bowe v. Giardina*, 719 So. 2d 941 (Fla. 3d DCA 1998).

It is, therefore, inappropriate for the Defendant to ask this Court to rule at this time on whether or not a joint venture existed. The only question appropriate now is whether the Plaintiff has sufficiently pled a cause of action under Fed.R.Civ.P. 8.

### (b) Plaintiff Has Sufficiently Plead a Cause of Action

The elements of a joint venture are: (1) intention of the parties to create a joint venture; (2) joint control or right of control; (3) joint proprietary interest in the subject matter of the venture; (4) the right of both ventures to share in profits; and (5) the duty of both to share in the losses. *Skeen v. Carnival Corp.*, 2009 WL 1117432 (S.D. Fla. 2009).

Plaintiff is not required to specifically allege it was the parties' "intent" to create a joint venture to state a cause of action.   In determining whether a joint venture exists, the Eleventh Circuit warned against "hyper-technical" application of the elements of joint venture and suggested that the element of intent could be inferred from the surrounding circumstances. *Fulcher's Point*

*Pride Seafood v. M/V "Theodora Maria"*, 935 F.2d 208, 212-13 (11th Cir. 1991).  The Court noted that:

> [T]hese elements cannot be applied mechanically.  No one aspect of the relationship is decisive. [citation omitted] The factors ... are not a check point.  They are only signposts, likely indicia, but not prerequisites ... the court must consider the total circumstances of an agreement to determine its status as a joint venture ... the factors that indicate the existence of a joint venture do not have to be met point for point."
>
> ***
>
> The intentions of the parties are only important to reveal the nature of the agreement and "not to suggest that they are paramount in a finding of joint venture ... whatever the true intent of the parties, their conduct (and the intent thereby evidenced) created a joint venture.

*Id*. at 211-213.

In *Gentry v. Carnival Corp*., 2011 WL 4737062 (S.D. Fla. Oct. 5, 2011), the Court previously rejected a cruise line's argument that Plaintiff must allege a specific written intent of the parties to enter into a joint venture with a tour operator.  Applying the liberal notice pleading requirements of Rule 8 to joint venture claims, Judge Goodman held that "Gentry's failure to allege the parties intended to create a joint venture is not fatal so long as the other allegations provide enough factual material to make it plausible that the parties intended to create one." *Id* at *7.  The Court went on to further hold that allegations that the carrier determined the amount that excursion operator could charge, paid the excursion operator a portion of the sales and collected money on behalf of the operator was sufficient to allege a sharing of profits and losses and survive a motion to dismiss. *Id.*; *Florida Tomato Packers, Inc.v. Wilson*, 296 So. 2d 536 (Fla. 1974) (contract may not be express or formally written, joint venture may be implied or inferred from conduct of the parties or from acts and circumstances which in fact make it appear that they are participants in joint venture).

-13-

*Gibson v. NCL et. al*
Case No.:  11-CV-24343 SEITZ/SIMONTON

In this instance, the Plaintiff has specifically alleged both the existence of an <u>agreement</u> and

the <u>intent</u> of the parties.

> In the alternative, at all materials times, a partnership and/or agency relationship
> and/or joint venture existed between Defendant NCL and The Excursion Entities by
> virtue of the following, whereby NCL and The Excursion Entities are jointly and
> severally responsible for negligence of each other as partner of a partnership and/or
> agency relationship and/or joint venture ... **NCL negotiated and entered into an
> agreement with The Excursion Entities** whereby NCL made all the arrangements
> for the Plaintiff, to participate in the subject excursion run by its tour operator
> partner, The Excursion Entities [D.E. 1, ¶39(b)]

> At all material times Defendant NCL and The Excursion Entities **engaged in a joint
> venture to provide excursions** to passengers onboard NCL vessels [D.E. 1, ¶60].

In addition to the existence of the <u>agreement</u>, which has been properly pled, the parties intent

to create a joint partnership is unequivocally set forth in NCL's Tour Operator Procedures and

Policies, which Grupo Cacum would have executed and which provides:

> As **our local Tour Operator you represent Norwegian Cruise
> Line** (NCL) in the destinations to which we travel, and the land
> excursions that you are providing are considered an integral part of
> the NCL overall product.  You will find that our guests will **consider
> your local staff as part of NCL, as an extension of our offices and
> our ships**, and will expect a continuity of NCL services and
> standards throughout their chosen excursion. (emphasis added.)

The Complaint also alleges sufficient facts so that joint venture may be implied or inferred

from conduct of the parties or from acts and circumstances. [D.E. 1, ¶¶21-24, 39-40 and 60-63]

Plaintiff has alleged sufficient facts to make it plausible that the parties intended to create a joint

venture and withstand a Motion to Dismiss.

Plaintiff has also sufficiently alleged joint proprietary interest. Specifically, Plaintiff has

alleged "at all material times, Defendant NCL, was the <u>owner or co-owner</u> of the subject Biomaya

Canopy Zipline Excursion.  At all material times, Defendant NCL, was responsible for, and liable

-14-

for, the action of The Excursion Entities with respect to the subject matter of the excursion."  [D.E. 1,¶38, emphasis added)

The classic definition of a joint venture is where "two or more persons combine their property or time, or combination thereof, in conducting some particular line of trade for some business deal."  *Kislack v. Kreedian*, 95 So. 2d 510, 515 (Fla. 1957); *Florida Tomato Packers, Inc. v. Wilson*, 296 So. 2d 536 (Fla. 1974) (joint venture is an association of legal entities to carry out a single business enterprise for profit).  More typically, a joint venture is where "one party supplie[s] the labor, experience and skill and the other party the necessary capital." *Russell v. Thielen*, 82 So. 2d 143, 146 (Fla. 1935).  In this instance, the "subject matter" is the provision of shore excursions to NCL passengers.  NCL organized, promoted, advertised, vouched for, directly sold and provided the passengers for the subject excursion and The Excursion Entities provided its labor, skill and experience.

A joint proprietary interest requires joint ownership in the "subject matter" of the contract, not necessarily the actual assets used in joint venture.  *Florida Tomato Packers, Inc. v. Wilson*, *supra* (one joint venturer would provide the farming while the other provided the funds and marketing); *Russell v. Thielen*, *supra*; *Gentry v. Carnival Corp*., *supra* (joint venture existed between cruise ship owner and shore excursion operator).

Two key issues in determining propriety interest is the <u>control</u> over the "subject matter" and the <u>right to share in the profit and losses</u>.  *Sasportes v. M/V Sol De Copacabana*, 581 F.2d 1204 (5th Cir. 1978) (no joint venture between the Star-Kist and the vessel owner because the Star-Kist "exerted no significant control over the Copacabana [the vessel] beyond that which any creditor and contract obligee might have.").   Grupo Cacum has implicitly conceded that Plaintiff properly

-15-

alleged joint control or right of control, and the right to share in profits or losses as it has not raised

those elements in its Motion to Dismiss[6]. [D.E.47, pp. 18-19]

Applying the liberal notice pleading requirements of Rule 8 to joint venture claims, and

considering the totality of the allegations, Plaintiff has sufficiently alleged a cause of action for joint

venture.

## II.

## MOTION FOR LEAVE TO CONDUCT JURISDICTIONAL DISCOVERY

In the event that this Court finds that the Defendant has sufficiently shifted the burden back

to the Plaintiff, which the Plaintiff disputes, then Plaintiff respectfully requests leave of Court to

conduct limited jurisdictional discovery.   The Defendant's Motion to Dismiss and supporting

Declaration contain detailed factual arguments which the Plaintiff cannot respond to without

conducting limited jurisdictional discovery.   As explained in detail below, Plaintiff believes that

limited jurisdictional discovery will reveal more than sufficient evidence to establish personal

jurisdiction over Grupo Cacum.

It is well established that the Eleventh Circuit recognizes the right to conduct limited

jurisdictional discovery.  *See, e.g. Posner v. Essex Ins. Co., Ltd.*, 178 F.3d 1209, 1214, n.7 (11th Cir.

1999); *Eaton v. Dorchester Develop., Inc.*, 692 F.2d 727 (1982)(it was premature to dismiss a claim

for lack of jurisdiction where plaintiffs were not given an opportunity to elicit material through

---

[6] Grupo Cacum may attempt to raise the recently issued a decision in *E&H Cruises, Ltd. v. Baker*, --So. 3d --, 2012 WL 1315822 (Fla. 3d DCA April 18, 2012) which is neither final nor binding on this Court and there is a current Motion for Panel Clarification, Panel Rehearing, Panel Certification, and Rehearing *En Banc* pending. Grupo Cacum cannot rely on *Baker* to as that case dealt with whether the cruise line had sufficient control or right of control over a tour operator.   Defendant has not raised control or right of control in its Motion to Dismiss and is precluded from raising this new argument after the fact in its reply.  Additionally, *Baker* dealt with a different cruise line, a different tour operator and a different tour operator agreement.

discovery to support a determination on jurisdiction); *Blanco v. Cargulf Lines*, 632 F.2d 656 (5th Cir. 1980)(plaintiff is entitled to elicit material through discovery before a claim could be dismissed for lack of jurisdiction.)

Similarly, the Courts in the Southern District of Florida routinely recognize the right of a plaintiff to conduct limited jurisdictional discovery before a ruling on a Motion to Dismiss for lack of jurisdiction.  *Kilma v. Carnival Corp. et. al.*, case no. 08-20335-civ-Moore dated October 10, 2008 [D.E. 55](cruise line passenger allowed to conduct jurisdictional discovery as to tour operators contacts with Florida); *Bridgewater v. Carnival Corp., et. al.,* case number 10-22241-civ-King date September 23, 2010 [D.E.28](cruise line passenger allowed to conduct jurisdictional discovery as to tour operators contacts with Florida); *Pownall v. Cunard Line Limited Co, et. al.*, case number 06-22836-civ-Altonaga dated February 2, 2007 [D.E. 27](cruise line passenger allowed to conduct jurisdictional discovery as to tour operators contacts with Florid); *Belik v. Carlson Travel Group, Inc.*, case number 11-21136-civ-Altonaga dated November 21, 2011[D.E. 108]; *Mother Doe I v. Al Maktoum*, 632 F.Supp.2d 1130(S.D.Fl. 2007)(ruling on a motion to dismiss should be postponed until the parties had an adequate opportunity to take jurisdictional discovery).

In allowing limited jurisdictional discovery, Courts have recognized that a plaintiff would be prejudiced without an opportunity to conduct the same.   A plaintiff is not required to rely exclusively upon a defendant's affidavit for resolution of a jurisdictional issue.  *Blanco v. Carigulf Lines*, 632 F.2d at 658. Absent reasonable discovery as to jurisdiction, a defendant could defeat jurisdiction by withholding information on its contacts with the forum. *El-Fadl v. Cent. Bank of Jordan*, 75 F.3d 668, 676 (D.C.Cir. 1996); *Bracewell v. Nicholson Air Serv., Inc.*, (748 F.2d 1499 (11th Cir. 1984)(dismissal untimely if entered prior to discovery).

*Gibson v. NCL et. al*
Case No.:  11-CV-24343 SEITZ/SIMONTON

Limited jurisdictional discovery also assists the court in making an informed and reasoned ruling based upon all the evidence.  As noted by the Honorable Kenneth Marra in *Sierra Equity Group, Inc., v. White Oak Equity Partners, LLC*., 2008 WL 1771857, *2  (S.D. Fla. April 15, 2008), "jurisdictional discovery will be useful to determine the actual extent of Defendants' contacts with Florida to determine whether this case can be resolved on its merits.  Without factual discovery, the Court would be left to conjecture whether it could exercise jurisdiction over Defendants."

Plaintiff believes that limited jurisdictional discovery will reveal at a minimum:

- Grupo Cacum entered into repeated contracts with Florida based NCL and other Florida based businesses;
- Group Cacum agreed to submit to jurisdiction in Florida in this instance and in doing business with other Florida based businesses;
- Grupo Cacum solicited business in the Florida from NCL and other Florida based businesses;
- Grupo Cacum generated substantial revenues from conducting business with NCL and other Florida based businesses;
- Grupo Cacum had regular, systematic and routine communications with NCL and other Florida based businesses for the purposes of conducting business;
- Grupo Cacum authorized, agreed and acquiesced to permit Florida based NCL to be its exclusive advertising agent for the sale of shore excursions to NCL passengers;
- Grupo Cacum authorized, agreed and acquiesced to permit Florida based NCL to be its direct sales representative for shore excursions to NCL passengers.

The foregoing is just a sample of the evidence Plaintiff anticipates will be ascertained during the course of jurisdictional discovery which will establish personal jurisdiction.

Plaintiff should be afforded the opportunity to conduct jurisdictional discovery before being required to respond to the Defendant's Motion to Dismiss.  Plaintiff has timely[7] made her request and will be severally prejudiced without an opportunity to conduct limited jurisdictional discovery.  Plaintiff respectfully requests ninety (90) days to conduct such discovery, including propounding

---

[7] The parties have just completed their Rule 26 conference on May 2, 2012 so that Plaintiff is now permitted to propound discovery.

-18-

interrogatories, request for production, taking of depositions, and allow the Plaintiff to thereafter file a Response to Grupo Cacum's Motion to Dismiss upon completion of the jurisdictional discovery.

## **CONCLUSION**

For all of the foregoing reasons, Plaintiff respectfully requests that this Court deny the Defendant's Motion to Dismiss for Lack of Personal Jurisdiction.  If, however, this Court believes that any of the Plaintiff's counts fail to state a cause of action, Plaintiff respectfully requests leave of Court to file an Amended Complaint.  Alternatively, grant Plaintiff Leave to Conduct Jurisdictional Discovery for a period of 90 days.

## **Certificate of Compliance with Local Rule 7.1(3)**

The undersigned counsel hereby certifies that she has conferred with all parties who may be affected by the relief sought in this Motion in a good faith effort to resolve the issues raised in the Motion.  Defense counsel has indicated he is not opposed to the concept of jurisdictional discovery pending certain limits.  As of the filing of her Response, Defense counsel is in arbitration and has been unavailable to confer further as to the scope of jurisdictional discovery.

DATED this **3ʳᵈ day of May, 2012.**

Respectfully submitted,

By:   /s/ Carol L. Finklehoffe
CAROL L. FINKLEHOFFE (FL Bar No.: 0015903)
E-mail: Finklehoffe@leesfield.com
**LEESFIELD & PARTNERS, P.A.**
2350 South Dixie Highway
Miami, Florida 33133
Telephone:      305-854-4900
Facsimile:    305-854-8266
*Attorneys for Plaintiff LaRita I. Gibson*

-19-

*Gibson v. NCL et. al*
Case No.: 11-CV-24343 SEITZ/SIMONTON

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on **May 3, 2012,** I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing  is being served upon all counsel of record or pro se parties identified on the Service List below in the manner specified, either via transmissions of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

/s/ Carol L. Finklehoffe
CAROL L. FINKLEHOFFE

## SERVICE LIST

Carol L. Finklehoffe, Esq.
Email: Finklehoffe@Leesfield.com
Robert D. Peltz, Esq.
Email: Peltz@Leesfield.com
LEESFIELD & PARTNERS, P.A.
2350 South Dixie Highway
Miami, Florida 33133
Telephone:      (305) 854-4900
Facsimile:      (305) 854-8266
Attorneys for Plaintiff LaRita I. Gibson

Jeffrey E. Foreman, Esq.
Email: Jforeman@FFLegal.com
Noah D. Silverman, Esq.
Email: Nsilverman@FFLegal.com
Rachael A. Mitchell, Esq.
Email: Rmitchell@FFLegal.com
FOREMAN FRIEDMAN, PA
One Biscayne Tower, Suite 2300
2 South Biscayne Boulevard
Miami, FL 33131
Telephone:      (305) 358-6555
Facsimile:      (305) 374-9077
Attorneys for Defendant NCL and Defendant Grupo Cacum