UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-24343-CIV-SEITZ/SIMONTON

LARITA I. GIBSON,

      Plaintiff,

vs.

NCL (BAHAMAS) LTD. *et al.*,

      Defendants.
_____/

## ORDER GRANTING, IN PART, DEFENDANT NCL'S MOTION TO DISMISS WITH LEAVE TO REPLEAD

THIS MATTER came before the Court upon Defendant NCL (Bahamas) Ltd.'s ("NCL") Motion to Dismiss the Complaint. [DE 26]. During a cruise on NCL's ship, the *Norwegian Epic*, Plaintiff was injured when she attempted to board a bus called the "Jungle Bus," to transport her to a zipline tour in the Mexican jungle. The "Jungle Bus" was owned and/or operated by Defendants Grupo Cacum, Operadora Canopy, S.A., Operadora Biomaya, S.A., and XYZ Corporation ("the Excursion Entities"). Plaintiff claims that she injured her shoulder when an employee of the Excursion Entities came up behind her and, without warning, roughly grabbed her in an attempt to heave her onto the "Jungle Bus." Plaintiff maintains that this incident occurred after NCL told her that its tour operators were safe, reliable, licensed, and insured and after Plaintiff informed NCL's Shore Excursion Department of her artificial shoulder and they assured and advised her that she was physically able to participate in the zipline tour. NCL moves to dismiss and asserts that Plaintiff's negligence claims (Counts I and V) fail to state a claim. NCL also contends that Plaintiff has not

1

pled facts to support her allegation that the Excursion Entities are apparent agents of NCL (Count III) or that they are engaged in a joint venture with NCL (Count IV). The Court will grant, in part, NCL's Motion to Dismiss with leave to replead. Plaintiff has failed to sufficiently plead her claims for negligent selection or retention, failure to warn, and negligent supervision. However, Plaintiff has adequately alleged the elements of apparent agency and joint venture.

## I. BACKGROUND[1]

This dispute arises out of injuries Plaintiff suffered while attempting to board a bus to transport her to a zipline tour in a jungle in Mexico. Plaintiff was a passenger on NCL's ship, the *Norwegian Epic*. She decided to participate in an excursion, which included a ride on the "Jungle Bus"[2] and a zipline tour of the Yucatan jungle, while the *Norwegian Epic* was docked in Costa Maya, Mexico. Plaintiff contends that she learned about the excursion from a form provided by NCL onboard the ship, which stated, in part, that "guests should advise the [NCL] Shore Excursion Department of disabilities when requesting tours & to further meet with Shore Excursion Staff on board to discuss disabilities as they relate to the unique characteristics of each shore excursion." [DE 1 at 40]. Before she bought a ticket for the excursion, Plaintiff met with NCL crewmembers in the Shore Excursion Department and explained to them that she had an artificial shoulder which made it difficult for her to lift and pull herself. Plaintiff maintains that NCL crewmembers advised and assured her that she would be physically able to fully participate in the excursion. Thereafter, Plaintiff purchased a ticket for the excursion using her on-board NCL account.

---

[1] Unless otherwise noted, the factual background is derived from Plaintiff's Complaint [DE 1] as the Court must accept all factual allegations as true and construe them in the light most favorable to the Plaintiff. *See American Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283 (11th Cir. 2010).

[2] The Complaint does not describe the "Jungle Bus."

After the ship docked in Mexico, Plaintiff was transported, by bus, from the pier to a jungle area. There, Plaintiff was instructed to board the "Jungle Bus" to take her to the zipline tour. Plaintiff asserts that while she was standing in front of the "Jungle Bus," an employee, representative, and/or agent of the Excursion Entities, came up from behind and suddenly, without warning, roughly grabbed Plaintiff in an attempt to heave her onto the "Jungle Bus." Plaintiff heard a "pop" in her shoulder and was air evacuated to Florida for immediate surgery.

Plaintiff filed suit against Defendants NCL and the Excursion Entities. In Count I, which includes twenty sub-claims, Plaintiff asserts that NCL was negligent.[3] In Count II, Plaintiff alleges that the Excursion Entities were negligent. In Count III, Plaintiff asserts that the Excursion Entities are NCL's apparent agents or agents by estoppel. In Count IV, Plaintiff maintains that NCL and the Excursion Entities engaged in a joint venture. Finally, in Count V, Plaintiff avers that NCL made negligent misrepresentations to her.

NCL has moved to dismiss all claims against it. NCL raises five grounds for dismissal of

---

[3] The grounds for Plaintiff's negligence claim against NCL are as follows: NCL (a) failed to provide a safe excursion; (b) failed to provide an excursion with proper equipment; (c) failed to provide reasonable safe means for passengers to board the "Jungle Bus;" (d) failed to properly adequately inspect, screen, select, retain services of the tour operator to ensure the operator was running a reasonably safe excursion; (e) failed to adequately monitor and supervise the tour operator to ensure it had the necessary equipment to allow passengers to have reasonably safe means to board the "Jungle Bus;" (d) failed to warn Plaintiff of the dangers and obstacles on the excursion; (e) improperly represented and assured Plaintiff that she would be physically able to participate in all aspects of the excursion; (f) failed to properly train the excursion desk personnel on determining the safety of the excursion; (g) assured passengers, including Plaintiff, that the excursion was reasonably safe and appropriate; (h) failed to adequately describe all aspects of the excursion to Plaintiff; (i) failed to communicate Plaintiff's special needs and conditions to the tour operator; (j) failed to adequately monitor, supervise, and/or inspect the tour operator; (k) failed to promulgate, enforce, and/or follow adequate policies and procedures for inspection and monitoring of the excursion; (l) failed to ensure that properly trained and supervised personnel operated the excursion; (m) failed to ensure that the tour operator had proper policies and procedures in place to ensure passengers, including Plaintiff, had reasonably safe means to board the "Jungle Bus;" (n) had a shore excursion that was not competently operated; (o) failed to fulfill its promises and make good on its representations in which it knew passengers would rely; (p) failed to verify that the excursion was "safe, reliable, licensed, and insured;" (q) failed to implement a method of operation which was reasonable and safe and would prevent the creation of a dangerous condition and utilized or allowed negligent methods of operation by the tour operator; and (r) failed to promulgate and enforce appropriate safety rules for the tour operator. [DE 1 at ¶ 43]. Plaintiff has lettered two of the paragraphs as "d" and two as "e."

Count I. First, NCL asserts that Plaintiff has failed to plead the proper duty of care owed by NCL to passengers participating in excursions. Second, NCL argues that the guest ticket contract, which contains disclaimers that the Excursion Entities are independent contractors, precludes NCL's negligence claim. Third, NCL avers that sub-parts of Plaintiff's negligence claim for failure to provide a safe excursion, failure to provide an excursion with proper equipment, failure to provide safe means for passengers to board the "Jungle Bus," and having a shore excursion that was not competently operated should be dismissed because Plaintiff has conceded that the Excursion Entities were the owners/operators of the excursion. Fourth, NCL argues that Plaintiff's negligent selection/retention claim fails to state a claim because Plaintiff has not pled that NCL had actual or constructive knowledge of the Excursion Entities' alleged unfitness or incompetence. Fifth, NCL maintains that Plaintiff's failure to warn claim should be dismissed because Plaintiff has not pled that NCL knew or reasonably should have known of the dangers she encountered on the excursion.

NCL also seeks dismissal of Plaintiff's negligent misrepresentation claim, which is separately set forth in Count V, because it fails to state a claim and Plaintiff has not pled it with particularity as required by Fed. R. Civ. P. 9(b). Additionally, NCL moves to dismiss Count III for apparent agency and/or agency by estoppel because Plaintiff has not pled the required elements and the disclaimers in NCL's guest ticket contract preclude this claim. Lastly, NCL argues that it is entitled to dismissal of Count IV for joint venture because Plaintiff has also failed to adequately plead the elements of this claim.

## III. DISCUSSION

### A. Legal Standard

A Rule 12(b)(6) motion to dismiss for "failure to state a claim upon which relief can be

granted" tests the sufficiency of the allegations in the complaint. FED. R. CIV. P. 12(b)(6). In ruling on a motion to dismiss, the Court accepts the well-pleaded factual allegations as true and construes them in the light most favorable to the Plaintiff. *Speaker v. U.S. Dept. of Health and Human Serv.*, 623 F.3d 1371, 1379 (11th Cir. 2010). To survive a motion to dismiss, a "complaint must contain sufficient factual allegations, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S.Ct. at 1949. This "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 958 (11th Cir. 2009) (*citing Twombly*, 550 U.S. at 555).

### B. NCL's Motion to Dismiss

#### 1. Negligence Against NCL (Count I)

NCL asserts five arguments in support of its contention that the negligence claim against it should be dismissed, specifically (a) Plaintiff attempts to expand the duty of care NCL owes to its passengers ashore and has failed to allege facts that support the duty owed by NCL; (b) NCL's guest ticket contract states that excursions are provided by independent contractors; (c) Plaintiff has conceded that NCL does not own and/or operate the excursion; (d) Plaintiff's allegation that NCL negligently selected/retained the Excursion Entities fails to state a claim upon which relief can be granted; and (e) Plaintiff's assertion that NCL failed to warn her must be dismissed because it is inadequately pled.

5

### *a. Duty of Care Owed to Plaintiff*

First, NCL contends that Plaintiff's entire negligence claim (Count I) should be dismissed because Plaintiff has failed to allege the proper duty of care NCL owed to her. Specifically, NCL argues that while Plaintiff was ashore on the excursion, it owed her only the duty to warn of dangers NCL knew of or should have known of. NCL asserts that Plaintiff has improperly expanded the duty by pleading it as one of reasonable care. NCL contends that the grounds for negligence asserted by Plaintiff [DE 1 at ¶ 43] are based on duties of care and breaches of duties of care that are not recognized by general maritime law, which governs here. [DE 26 at 3-4].

In *Kermarec v. Compagnie Generale Transatlantique*, 358 U.S. 625, 632 (1959), the U.S. Supreme Court held that "the owner of a ship in navigable waters owes to all who are on board. . . the duty of exercising reasonable care under the circumstances of each case." Relying on a decision from Florida's Third DCA and another from the U.S. District Court for the Eastern District of Missouri, NCL claims that the duty owed is not one of reasonable care, but only to warn of dangers NCL knew about or should have known about on the excursion. However, NCL has not provided any binding legal precedent to support its contention that the duty of care owed to passengers on excursions is contrary to that articulated in *Kermarec*.[4] Thus, *Kermarec* governs and Plaintiff has sufficiently alleged the duty of reasonable care. [DE 1 at ¶ 43]. Moreover, even if Plaintiff had pled a duty of care that varies from that set forth in *Kermarec*, this would not warrant dismissal as Fed. R. Civ. P. 8(a) requires only "a short and plain statement of the claim showing that the pleader is

---

[4]To be clear, the Third DCA decision cited by Plaintiff is not binding precedent because, as NCL acknowledges, [DE 26 at 2], federal maritime law governs this claim. *Doe v. Celebrity Cruises Inc.*, 394 F.3d 891, 901 (11th Cir. 2004); *Gentry v. Carnival Corp.*, 2011 U.S. Dist. LEXIS 114841, at *9 (S.D. Fla. October 5, 2011); *Balaschak v. Royal Caribbean Cruises, Ltd.*, 2009 U.S. Dist. LEXIS 126949, at *11 (S.D. Fla. September 14, 2009); *Isbell v. Carnival Corp.*, 462 F.Supp.2d 1232, 1236 (S.D. Fla. 2006).

entitled to relief." NCL also argues that the numerous grounds for negligence asserted by Plaintiff should be dismissed as they are beyond NCL's scope of duty to a passenger ashore and cannot support a negligence claim. [DE 26 at 4]. However, with the exception of the grounds for negligence discussed below, NCL fails to parse out the reasons for dismissal of each ground. Accordingly, the Court must deny NCL's broad request to dismiss Count I in its entirety.[5]

### b. Guest Ticket Contract

NCL next argues that Plaintiff's negligence claim should be dismissed because the guest ticket contract contains disclaimers that all excursions are operated by independent contractors, that NCL does not act on behalf of or supervise the independent contractors, and that NCL is not responsible for the acts or omissions of these independent contractors. [DE 26 at 4-6]. A threshold matter that must be addressed is whether the guest ticket contract can be considered at the motion to dismiss stage. The Eleventh Circuit has held that the district court may consider certain documents, for the purpose of Fed. R. Civ. P. 12(b)(6) dismissal, where the documents are referred to in the complaint and central to Plaintiff's claim. *Bickley v. Caremark Rx, Inc.*, 461 F.3d 1325, 1329, n. 7 (11th Cir. 2006). Although Plaintiff refers to the guest ticket contract in her Complaint, she does so solely for the purpose of establishing that venue is proper in this Court. [DE 1 at ¶ 3]. She does not rely on the guest ticket contract with respect to the merits of her claims nor does it appear that the ticket is central as Plaintiff's claims sound in tort, not contract law.

---

[5] However, as set forth below, some of Plaintiff's claims fail to state a claim and must be repled. In drafting her Amended Complaint, Plaintiff should review the twenty sub-claims that comprise Plaintiff's negligence claim against NCL (Count I) and the fifteen sub-claims for negligence against the Excursion Entities (Count II) to ensure that they state claims for relief and that they are supported by facts known to Plaintiff. Additionally, counsel should consider that the pleadings frame the issues for discovery, motion practice, and, ultimately, for the jury. As such, in accord with Fed. R. Civ. P. 8(a), a Complaint must contain a short and plain statement showing that the pleader is entitled to relief. In short, the allegations could be more specific and succinct and less repetitive.

However, even if the Court were to consider the guest ticket contract at this juncture, it would not compel dismissal of Plaintiff's Complaint as a passenger vessel may not contractually limit its liability for its own negligence. *See* 46 U.S.C. § 30509(a); *Kornberg v. Carnival Cruise Lines, Inc.*, 741 F.2d 1332, 1335-36 (11th Cir. 1984). Here, Plaintiff has sufficiently alleged that NCL was, at least, in part, directly negligent. [DE 1 at ¶ 43]. Thus, the Court need not consider, at this time, the disclaimers in the guest ticket contract. *Balaschak*, 2009 U.S. Dist. LEXIS 126949, at *15; *Fojtasek v. NCL (Bahamas) Ltd.*, 613 F. Supp. 2d 1351, 1355 (S.D. Fla. May 11, 2009).

### c. Paragraphs 43 (a)-(c), (n) of the Complaint

NCL also argues that certain sub-parts of Plaintiff's negligence claim (Count I) should be dismissed. First, NCL contends that the negligence grounds for failure to provide a safe excursion, failure to provide an excursion with proper equipment, failure to provide safe means for passengers to board the "Jungle Bus," and having a shore excursion that was not competently operated should be dismissed because Plaintiff has conceded that the Excursion Entities, and not NCL, were the owners/operators of the excursion. [DE 26 at 6-7; DE 1 at ¶¶ 43(a) – (c), (n) ]. As set forth below, because the Court will deny NCL's Motion to Dismiss Count III for apparent agency and Count IV for joint venture, NCL's request to dismiss paragraphs 43(a)-(c), (n) must also be denied because Plaintiff can proceed on these claims on theories of apparent agency and joint venture.

### d. Negligent Selection and Retention

NCL contends that Plaintiff's sub-claim for negligent selection/retention should be dismissed. Plaintiff asserts that NCL "fail[ed] to properly adequately [*sic.*] inspect, screen, select, and retain the services of its tour operator, the Excursion Entities, to ensure they were operating and running a reasonably safe excursion." [DE 1 at the first paragraph 43(d)]. NCL argues that this fails to state

a claim for relief because Plaintiff does not plead that NCL knew or should have known of any alleged unfitness of the Excursion Entities. [DE 26 at 7].

To state a claim for negligent selection or negligent retention of an independent contractor, "a plaintiff must generally plead ultimate facts showing: (1) the contractor was incompetent or unfit to perform the work; (2) the employer knew or reasonably should have known of the particular incompetence or unfitness; and (3) the incompetence or unfitness was a proximate cause of the plaintiff's injury." *Davies v. Commercial Metals Co.*, 46 So.3d 71, 73-74 (Fla. 5th DCA 2010) (citations omitted). NCL focuses on the second element. Here, Plaintiff has pled only that:

> Defendant NCL and the Tour Excursion Entities, failed to provide a reasonably safe method for the Plaintiff to board the 'Jungle Bus.' As the Plaintiff was standing in front of the "Jungle Bus" an employee, representative, and/or agent of the Excursion Entities, came up from behind and suddenly, without warning, roughly grabbed the Plaintiff in an attempt to heave her onto the 'Jungle Bus.' As the Plaintiff was being manhandled, she heard a 'pop' in her shoulder. As a result of the failure to provide her with a reasonably safe method to board the 'Jungle Bus' and being manhandled, Plaintiff suffered a spiral, oblique fracture of the humeral shaft, and was required to be air evacuated to Florida for immediate surgery.

[DE 1 at ¶ 36]. Plaintiff has failed to allege any facts to suggest that NCL had actual or constructive knowledge that there was no safe method to board the "Jungle Bus." In fact, the Complaint does not contain any factual allegations describing the "Jungle Bus" at all. Additionally, there are no allegations as to any prior practices or behavior of the Excursion Entities that would have put NCL on notice of either the incompetence or unfitness of the Excursion Entities, much less that NCL had knowledge of the allegedly unfit conditions or the purported incompetence of the Excursion Entities. Thus, the Court must grant NCL's Motion to Dismiss the negligent selection/retention claim with leave to replead.

### e. Failure to Warn

NCL also seeks dismissal of Plaintiff's sub-claim of the negligence count for failure to warn. Plaintiff alleges that NCL "failed to warn [her] of the dangers and obstacles that would be encountered during the subject excursion." [DE 1 at the second paragraph 43(d)]. NCL asserts that Plaintiff has not adequately pled that NCL knew or should have known that an employee of the Excursion Entities would "roughly grab her." [DE 26 at 3]. Similar to a claim for negligent selection/rentention, to adequately state a failure to warn claim, Plaintiff must allege NCL knew or reasonably should have known of the dangers she encountered because these are the only dangers that NCL must warn Plaintiff about. *McLaren v. Celebrity Cruises*, 2012 U.S. Dist. LEXIS 68321, at *24 (S.D. Fla. May 16, 2012).

Here, Plaintiff has not adequately pled the elements of her failure to warn claim. The Complaint is devoid of any factual allegations describing the "Jungle Bus" and whether NCL knew that there was no safe way to board it. Additionally, there are no allegations as to any prior practices or behavior of the Excursion Entities that would have put NCL on notice of dangers associated with the "Jungle Bus." Accordingly, the Court must dismiss, with leave to replead, Plaintiff's failure to warn claim as Plaintiff has not pled facts showing that NCL knew or reasonably should have known of any dangers related to the excursion.

### 2. Negligent Misrepresentation (Count V)

In a separate count (Count V), Plaintiff maintains that NCL made negligent representations that the excursion was "safe, reliable, licensed, and insured." Additionally, Plaintiff contends that after she consulted NCL crewmembers about her physical condition, they assured her that she would be able to fully participate in the excursion. [DE 1 at ¶¶ 71, 72]. NCL argues that Count V should

be dismissed because Plaintiff's allegation that the excursion was "safe, reliable, licensed, and insured" is insufficient to state a claim and further that Plaintiff has failed to plead her claim with specificity as required by Fed. R. Civ. P. 9(b). [DE 26 at 12-14].

"To plead negligent representation under Florida law, a plaintiff must allege: (1) the defendant made a statement of a material fact that the defendant believed was true but was actually false; (2) the defendant was negligent because he should have known the statement was false; (3) the defendant intended to induce the plaintiff to rely on the false statement; and (4) an injury resulted to the plaintiff acting in justifiable reliance on the false statement." *Collins v. Countrywide Home Loans, Inc.*, 680 F. Supp.2d 1287, 1293 (M.D. Fla. 2010) (*citing Simon v. Celebration Co.*, 883 So.2d 826, 832 (Fla. 5th DCA 2004)). Fed. R. Civ. P. 9(b) requires that "in alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." While the Eleventh Circuit has not addressed the question of whether Fed. R. Civ. P. 9(b)'s requirement to plead with particularity applies to negligent representation claims, as recognized in *Pruco Life Ins. Co. v. Brasner*, 2011 U.S. Dist. LEXIS 72752, at *11-*13 (S.D. Fla. July 7, 2011), "[h]istorically, in Florida an action for negligent representation sounds in fraud rather than negligence." *Souran v. Travelers Ins. Co.*, 982 F.2d 1497, 1511 (11th Cir. 1993). Accordingly, the Court applies the Rule 9(b) heightened pleading standard to Plaintiff's negligent representation claims. As such, Plaintiff must set forth "(1) precisely what statements were made in what documents or oral representations or what omissions were made; (2) the time and place of each such statement and the person responsible for making (or, in the case of omissions, not making) same; (3) the content of such statements and the manner in which they misled the plaintiff; and (4) what the defendants obtained as a consequence of the fraud." *Ziemba v. Cascade Int'l, Inc.*, 256 F. 3d 1194, 1202 (11th Cir.

2001).

Here, Plaintiff alleges that the representations that the excursions were "safe, reliable, licensed, and insured," which were made by NCL in its literature, website, and onboard the ship, constitute negligent misrepresentation. While Plaintiff has pled this part of her negligent misrepresentation claim with particularity, the general promise of a "safe, reliable, licensed, excursion" is not actionable. *See Isbell v. Carnival Corp.*, 462 F.Supp.2d 1232, 1237 (S.D. Fla. 2006); *Balaschak v. Royal Caribbean Cruises, Ltd.*, 2009 U.S. Dist. LEXIS 126949, at *25 (S.D. Fla. September 14, 2009) (following *Isbell* and the cases cited therein). Moreover, Plaintiff's claim that NCL crewmembers assured her that she would be able to fully participate in the excursion is not pled with particularity. Plaintiff has not alleged precisely what statements NCL crewmembers at the Shore Excursion Department made to her or when the statements were made. Thus, Plaintiff's negligent representation claim must be dismissed with leave to replead.

### 3. *Apparent Agency or Agency by Estoppel (Count III)*

Count III of the Complaint alleges that NCL is liable for the negligence of the Excursion Entities based on a theory of apparent agency or agency by estoppel. Apparent agency is established when: "1) the alleged principal makes some sort of manifestation causing a third party to believe that the alleged agent had the authority to act for the benefit of the principal, 2) that such belief was reasonable and 3) that the claimant reasonably acted on such belief to his detriment." *Doonan v. Carnival Corp.*, 404 F. Supp.2d 1367, 1371 (S.D. Fla. 2005).[6] NCL moves to dismiss Count III for

---

[6]There is no significant difference between apparent agency and agency by estoppel in Florida. *Whetstone Candy Co. v. Kraft Foods, Inc.*, 351 F.3d 1067, 1078, n. 15 (11th Cir. 2003)

apparent agency on two grounds. First, NCL does not dispute that Plaintiff has sufficiently alleged facts to support that NCL made manifestations to cause Plaintiff to believe that the Excursion Entities had authority to act for NCL. Rather, NCL argues that Plaintiff has not alleged that her belief was reasonable or that she relied on such a belief to her detriment. [DE 26 at 8]. NCL also maintains that disclaimers in the guest ticket contract preclude Plaintiff's claim for apparent agency. [DE 26 at 8-10].

Upon a review of the Complaint, Plaintiff has adequately alleged her claim of apparent agency. As for elements (2) and (3), Plaintiff has pled that she "relied upon, to her detriment, the expert advice of the NCL Shore Excursion Department and the language in the literature she had been provided by NCL, that the excursion was 'Safe, Reliable, Licensed, and Insured.'" NCL's contention that Plaintiff has not alleged that her reliance on NCL's manifestation was reasonable, in light of the disclaimers in the guest ticket contract or otherwise, is a question of fact not appropriate for a motion to dismiss. *Rinker v. Carnival Corp.*, 2010 U.S. Dist. LEXIS 144190, at *12 (S.D. Fla. June 18, 2010). Thus, Plaintiff has sufficiently alleged a theory of apparent agency and NCL's Motion to Dismiss this claim is denied.

### 4. Joint Venture (Count IV)

In Count IV, Plaintiff alleges that NCL and the Excursion Entities were engaged in a joint venture. A joint venture claim requires Plaintiff to demonstrate (1) a community of interest in the performance of a common purpose; (2) joint control or right of control; (3) a joint proprietary interest in the subject matter of the venture; (4) a right to share in profits; and (5) a duty to share in any losses which may be sustained. *See Browning v. Peyton*, 918 F.2d 1516, 1520 (11th Cir. 1990). Importantly, the Eleventh Circuit has cautioned that when analyzing these factors, the Court is to

consider them as "signposts, likely indicia, but not prerequisites." *Fulcher's Point Pride Seafood, Inc. v. M/V Theodora Maria*, 935 F.2d 208, 211 (11th Cir. 1991). NCL asserts that Plaintiff has failed to state a claim for joint venture because she has not alleged that NCL and the Excursion Entities intended to create a joint venture or that NCL and the Excursion Entities had a joint proprietary interest in the subject matter of the venture. [DE 26 at 10-12].

Plaintiff has sufficiently alleged that NCL and the Excursion Entities intended to create a joint venture as Plaintiff has pled that NCL and the Excursion Entities entered into an agreement whereby NCL made all arrangements for Plaintiff to participate in the excursion operated by the Excursion Entities. [DE 1 at ¶ 39b]. Turning to whether Plaintiff has pled a joint proprietary interest, this phrase is defined as "joint ownership of the subject matter of the contract." *Skeen v. Carnival Corp.*, 2009 U.S. Dist. LEXIS 39355, at *13 (S.D. Fla. April 24, 2009) (*quoting Progress Rail Services Corp. v. Hillsborough Reg'l Transit Auth.*, 2005 U.S. Dist. LEXIS 37729, at *3 (M.D. Fla. April 12, 2005)). Here, when looking at the factual allegations in the Complaint as a whole, Plaintiff has adequately pled a joint proprietary interest. Plaintiff has alleged that NCL was the "owner or co-owner" of the excursion, that NCL determined the amount of money that would be charged for the excursion, that NCL had the sole discretion of offer and to provide refunds to passengers who wished to cancel or were dissatisfied with the excursion, NCL paid the Excursion Entities a portion of the ticket price, which was determined by NCL, after the excursion for tickets sold by NCL, and NCL retained authority to inspect and supervise all aspects of the operation of the excursion. [DE 1 at ¶¶ 38, 39f, 39h, 39i, 63]. Thus, the Court must deny NCL's Motion to Dismiss Count IV.

## III. CONCLUSION

For the reasons set forth above, it is

ORDERED THAT

(1) Defendant NCL's Motion to Dismiss [DE 26] is GRANTED IN PART.

(2) In Count I, both paragraphs numbered 43(d) for negligent selection/retention and failure to warn are DISMISSED WITHOUT PREJUDICE and with leave to replead.

(3) Count V for negligent misrepresentation is DISMISSED WITHOUT PREJUDICE and with leave to replead.

(4) NCL's Motion to Dismiss paragraphs 43(a) – (c), (n) of Count I is DENIED.

(5) NCL's Motion to Dismiss Counts III and IV is DENIED.

(6) Plaintiff shall file an Amended Complaint no later than **June 15, 2012.**

DONE and ORDERED in Miami, Florida on this 30 of May, 2012

                                                  PATRICIA A. SEITZ
                                                  UNITED STATES DISTRICT JUDGE

cc:      Honorable Andrea M. Simonton
           All counsel of record