UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-24343-CIV-SEITZ/SIMONTON

LARITA I. GIBSON,

    Plaintiffs,

vs.

NCL (BAHAMAS) LTD. *et al.*,

    Defendant.

_____/

## ORDER GRANTING JURISDICTIONAL DISCOVERY AND DENYING DEFENDANT GRUPO CACUM'S MOTION TO DISMISS WITH LEAVE TO REFILE

THIS MATTER came before the Court upon Defendant Grupo Cacum S.A. de C.V.'s ("Grupo Cacum") Motion to Dismiss the Complaint, [DE 47], and Plaintiff's Motion for Leave to Conduct Jurisdictional Discovery [DE 53].[1] During a cruise on Defendant NCL (Bahamas) Ltd.'s ship, the *Norwegian Epic*, Plaintiff was injured when she attempted to board a bus called the "Jungle Bus," to transport her to a zipline tour in the Mexican jungle. The "Jungle Bus" was owned and/or operated by Defendants Grupo Cacum, Operadora Canopy, S.A., Operadora Biomaya, S.A., and XYZ Corporation ("the Excursion Entities"). Plaintiff claims that she injured her shoulder when an employee of the Excursion Entities came up behind her and, without warning, roughly grabbed her in an attempt to heave her onto the "Jungle Bus." Defendant Grupo Cacum, a Mexican corporation, moves to dismiss the Complaint for lack of personal jurisdiction. In the alternative, Grupo Cacum contends that the claims against it for negligence (Count II) and joint venture (Count IV) fail to state

---

[1] The Motion to Conduct Jurisdictional Discovery is part of Plaintiff's opposition papers to Grupo Cacum's Motion to Dismiss. [DE 52].

1

a claim. Plaintiff opposes Grupo Cacum's Motion on the merits and, additionally, requests jurisdictional discovery. The Court will grant Plaintiff's request and deny Grupo Cacum's Motion to Dismiss with leave to refile following the conclusion of jurisdictional discovery.

## I. BACKGROUND[2]

This dispute arises out of injuries Plaintiff suffered while attempting to board a bus to transport her to a zipline tour in a jungle in Mexico. Plaintiff was a passenger on NCL's ship, the *Norwegian Epic*. She decided to participate in an onshore excursion, which included a ride on the "Jungle Bus"[3] and a zipline tour of the Yucatan jungle, while the *Norwegian Epic* was docked in Costa Maya, Mexico. After the ship docked in Mexico, Plaintiff was transported, by bus, from the pier to a jungle area. There, Plaintiff was instructed to board the "Jungle Bus" to take her to the zipline tour. Plaintiff asserts that while she was standing in front of the "Jungle Bus," an employee, representative, and/or agent of the Excursion Entities, came up from behind and suddenly, without warning, roughly grabbed Plaintiff in an attempt to heave her onto the "Jungle Bus." Plaintiff heard a "pop" in her shoulder and was air evacuated to Florida for immediate surgery.

Plaintiff filed suit against Defendants NCL and the Excursion Entities. In Count I, Plaintiff asserts that NCL was negligent. In Count II, which includes fifteen sub-claims, Plaintiff alleges that the Excursion Entities were negligent.[4] In Count III, Plaintiff asserts that the Excursion Entities are

---

[2] Unless otherwise noted, the factual background is derived from Plaintiff's Complaint [DE 1] as the Court must accept all factual allegations as true and construe them in the light most favorable to the Plaintiff. *See American Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283 (11th Cir. 2010).

[3] The Complaint does not describe the "Jungle Bus."

[4] The grounds for Plaintiff's negligence claim against the Excursion Entities are as follows:(a) failed to provide a safe excursion; (b) failed to provide an excursion with proper equipment; (c) failed to provide reasonably safe means for passengers to board the "Jungle Bus;" (d) failed to adequately train, monitor and supervise the subject excursion to ensure it had all the necessary equipment to allow passengers to have reasonably safe means to board the "Jungle Bus;" (e) failed to warn Plaintiff of dangers and obstacles that would be encountered during the subject excursion; (f) failed to adequately monitor, supervise, and/or inspect the subject excursion to ensure that it employed

NCL's apparent agents or agents by estoppel. In Count IV, Plaintiff maintains that NCL and the Excursion Entities engaged in a joint venture. Finally, in Count V, Plaintiff avers that NCL made negligent misrepresentations to her.

Grupo Cacum, a Mexican corporation, moves to dismiss all claims against it for lack of personal jurisdiction and maintains that it does not have requisite minimum contacts with Florida to be hauled into court here. Grupo Cacum submitted an affidavit from its legal representative attesting to its lack of contacts with Florida. In the alternative, Grupo Cacum contends that Plaintiff's negligence and joint venture claims should be dismiss for failure to state a claim. Plaintiff opposes Grupo Cacum's Motion on the merits and also requests ninety days of jurisdictional discovery. Grupo Cacum avers that Plaintiff's request for jurisdictional discovery is nothing more than a fishing expedition.

## III. DISCUSSION

### A. Legal Standard for Personal Jurisdiction

Federal Rule of Civil Procedure 12(b)(2) provides that a defendant may move to dismiss a complaint for lack of personal jurisdiction. In order to determine whether this Court has personal jurisdiction over a nonresident defendant, the Court must undertake a two-part analysis. *PVC Windoors, Inc. v. Babbitbay Beach Const., N.V*, 598 F.3d 802, 807 (11th Cir. 2010). First, the Court

---

reasonable safe means for passengers to participate in all aspect of the subject shore excursions; (g) failed to promulgate, enforce, and/or follow adequate policies and procedures for inspection and monitoring of the excursion to ensure proper equipment was used; (h) failed to ensure that properly trained and supervised persons operated the excursion; (i) failed to ensure that it had proper policies and procedures in place to ensure passengers, including Plaintiff, had reasonably safe means for boarding the "Jungle Bus;" (j) had a shore excursion that was not competently operated; (k) failed to implement a method of operation which was reasonable and safe and would prevent the creation of a dangerous condition and utilized or allowed negligent methods of operation; (l) failed to promulgate and enforce appropriate safety rules; (m) failed to properly provide a complete and accurate description of all aspects of the subject shore excursions to NCL which it knew NCL would use to provide information to passengers in NCL's literature, website, and onboard the vessel; (n) failed to verify that the excursion was "safe, reliable, licensed, and insured;" and (o) failed to inquire whether passengers, including Plaintiff, had any special needs and conditions. [DE 1 at ¶ 50].

must determine whether the Florida long-arm statute provides a basis for personal jurisdiction. *Id.*[5] "The plaintiff bears the burden of establishing a prima facie case of jurisdiction over the movant, non-resident defendant." *Id.* at 810. "A prima facie case is established if the plaintiff presents affidavits or deposition testimony sufficient to defeat a motion for judgment as a matter of law."[6] *Id.* "Where, as here, the Defendant submits affidavit(s) to the contrary, the burden traditionally shifts back to the plaintiff to produce evidence supporting jurisdiction[.]" *Meier ex rel. Meier v. Sun Intern. Hotels, Ltd.*, 288 F.3d 1264, 1269 (11th Cir. 2002). Where the evidence presented by the parties' affidavits and deposition testimony conflicts, the court must construe all reasonable inferences in favor of the non-movant plaintiff. *Id.* Only if the long-arm statute provides jurisdiction does a court proceed to the second step and determine whether the exercise of jurisdiction comports with due process. *PVC Windoors*, 598 F.3d at 808 (*citing Internet Solutions Corp. v. Marshall*, 557 F.3d 1293, 1295-96 (11th Cir. 2009)).

## B. Jurisdictional Discovery

Here, Plaintiff requested jurisdictional discovery in response to Grupo Cacum's Motion to Dismiss for lack of personal jurisdiction. [DE 52, DE 53]. The right to jurisdictional discovery is a qualified one. *See Eaton v. Dorchester Dev., Inc.*, 692 F.2d 727, 729-31 (11th Cir. 1982). "The decision to allow jurisdictional discovery is very much a product of the timing and nature of any jurisdictional discovery request." *Mother Doe I v. Sheikh Mohammed Bin Rashid Al Maktoum*, 632 F.Supp.2d 1130, 1146 (S.D. Fla. 2007) (collecting cases). In *Posner v. Essex Insur. Co.*, 178 F.3d

---

[5]"A federal district court in Florida may exercise personal jurisdiction over a nonresident defendant to the same extent that a Florida court may[.]" *Fraser v. Smith*, 594 F.3d 842, 846 (11th Cir. 2010)

[6]*See Bogle v. Orange Cnty. Bd. of Cnty. Comm'rs*, 162 F.3d 653, 656 (11th Cir. 1998) (A judgment as a matter of law is only appropriate if the facts and inferences "point so overwhelmingly in favor of the movant ... that reasonable people could not arrive at a contrary verdict.").

1209, 1214, n. 7 (11th Cir. 1999), the Eleventh Circuit affirmed the district court's decision to deny jurisdictional discovery where plaintiffs first alluded to the discovery in their opposition to defendants' motion to dismiss, which was filed five months after the motion to dismiss, and plaintiffs failed to specify what they thought could or should be discovered. By contrast, in *Eaton*, the Eleventh Circuit reversed the district court's dismissal for lack of subject matter jurisdiction where plaintiff had served *subpoenas duces tecum*, identifying specific materials that went to the heart of plaintiff's assertions, but plaintiff had not yet received the jurisdictional discovery.

In the instant case, Plaintiff requested jurisdictional discovery in her opposition papers, which were filed two and a half weeks after Grupo Cacum moved to dismiss for lack of personal jurisdiction. Although Plaintiff first asked for jurisdictional discovery five months after she filed her Complaint, the record does not reflect whether Grupo Cacum informed Plaintiff, prior to moving to dismiss, that it intended to dispute personal jurisdiction. Thus, Plaintiff may not have had any reason to request or begin jurisdictional discovery prior to Grupo Cacum filing its motion to dismiss.[7] Additionally, in her request, Plaintiff identifies the evidence she hopes to obtain during jurisdictional discovery. [DE 52 at 18]. Thus, the Court finds no basis to deny Plaintiff's request for jurisdictional discovery due to delay.

Moreover, Plaintiff has alleged enough in her Complaint to nudge her request for jurisdictional discovery outside of the realm of a fishing expedition, but just barely. Plaintiff alleges that the Excursion Entities and NCL[8] conduct ongoing business in that NCL markets and sells excursions, including the excursion at issue in this case, that the Excursion Entities directly marketed

---

[7]Plaintiff states in her papers that the parties recently conferred on May 2, 2012, pursuant to Fed. R. Civ. P. 26. [DE 52 at 18, fn. 7].

[8]Plaintiff pled that the Excursion Entities are foreign corporations and NCL is a foreign corporation with its principal place of business in Miami, Florida. [DE 1 at ¶¶ 3, 7, 11].

their excursions through NCL, that NCL promoted excursions for the Excursion Entities in NCL's literature, on its website, and on board its cruise ships, and that tickets for the excursions were sold on NCL's website, which is administered in Florida. Plaintiff further alleges that NCL was an agent of the Excursion Entities and that the Excursion Entities are believed to have agreed to indemnify NCL for claims made in the Complaint. [DE 1 at ¶¶ 13-15, 39j].[9] Plaintiff's allegations constitute more than mere speculation that this Court may have jurisdiction over Grupo Cacum. Thus, Plaintiff is entitled to jurisdictional discovery.

*Pownall v. Cunard Line Limited Co.*, 2007 U.S. Dist. LEXIS 99382 (S.D. Fla. August 3, 2007) is instructive. There, the court granted jurisdictional discovery with respect to the tour operator, Fun Water. Then, based on the discovered information, and relying on *Stubbs v. Wyndham Nassau Resort and Crystal Palace Casino*, 447 F.3d 1357, 1361 (11th Cir. 2006), the court found that even though Fun Water did not have a presence or an agent in Florida, general jurisdictional requirements were satisfied because Fun Water's "contacts with Florida are a large part of what enables [it] to sell its tour packages to cruise-ship passengers." The court noted that Fun Water has ongoing business relationships with the Florida-based cruise lines and generated significant income from the cruise lines. The court identified Fun Water's numerous contacts with Florida, specifically that the tour operator received wire transfers from Florida from cruise lines, engaged in telephone calls, e-mails, and correspondence with cruise lines that sail out of Florida, was a member of the Florida Caribbean Cruise Association (as mandated by the tour operator's insurance policy), and listed the cruise line as insureds on its policy, which was purchased from a Florida-based insurance

---

[9] Plaintiff also pled that there is a contract between the Excursion Entities and NCL "for the protection of NCL passengers" and that it contains a forum selection clause. [DE 1 at ¶ 15]. Because the contract is not part of the record presently before the Court, the Court will not speculate on the significance of the contract with respect to jurisdictional issues. However, because Plaintiff has sufficiently alleged that the contract may be relevant for determining jurisdiction, it must be produced during jurisdictional discovery.

company.

### III. CONCLUSION

Without jurisdictional discovery, Plaintiff cannot refute the statements made in the affidavit submitted by Grupo Cacum's legal representative concerning the corporation's lack of contacts with Florida. [DE 47-1]. Additionally, because the record does not reveal that Plaintiff delayed in requesting jurisdictional discovery and she has alleged enough to entitle her to it, the Court will grant ninety days of jurisdictional discovery, stay all other discovery against Grupo Cacum, and deny Grupo Cacum's Motion to Dismiss with leave to refile. Accordingly, upon review, it is

ORDERED THAT

(1) Defendant Grupo Cacum's Motion to Dismiss is DENIED WITH LEAVE TO REFILE no later than **September 4, 2012.** [DE 47].

(2) Plaintiff's Motion for Leave to Conduct Jurisdictional Discovery is GRANTED. [DE 53].

(3) The parties may conduct jurisdictional discovery until **August 27, 2012.**

(4) All merits discovery against Grupo Cacum is stayed during jurisdictional discovery. If Grupo Cacum files another Motion to Dismiss for lack of personal jurisdiction, discovery will also be stayed against Grupo Cacum pending resolution of that motion.

DONE and ORDERED in Miami, Florida on this 30th of May, 2012

PATRICIA A. SEITZ
UNITED STATES DISTRICT JUDGE

cc: Honorable Andrea M. Simonton
All counsel of record